ACCEPTED
08-24-00377-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/28/2024 10:37 AM
ELIZABETH G. FLORES
CLERK

## NO. 08-24-00377-CV

### COURT OF APPEALS
### EIGHTH DISTRICT OF TEXAS AT EL PASO

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/28/2024 10:37:01 AM
ELIZABETH G. FLORES
Clerk

### IN RE: WINTON & ASSOCIATES, INC., FLAIR HOMES, INC., EL PASO FIVE STAR HOMES, INC., AND NATHAN STRINGFIELD

WITNON & ASSOCIATIONS, INC., FLAIR HOMES, INC., EL PASO FIVE STAR HOMES, INC., AND NATHAN STRINGFIELD
*Relators,*

v.

GUARANTEED RATE, INC.,
*Real Party in Interest.*

On Petition for Writ of Mandamus from the County Court at Law No. 3,
El Paso County, Texas, Cause No. 2021DCV2459
Honorable Melissa A. Baeza, Judge Presiding

### RELATORS' REPLY TO GUARANTEED RATE, INC'S RESPONSE TO REALTORS' EMERGENCY RULE 52.10 MOTION FOR TEMPORARY RELIEF TO STAY NOVEMBER 4, 2024 JURY TRIAL PENDING REVIEW OF PETITION FOR WRIT OF MANDAMUS

Relators Winton & Associates, Inc., Flair Homes, Inc., El Paso Five Star Homes, Inc., and Nathan Stringfield file this Reply to Guaranteed Rate, Inc's Response to Realtors' Emergency Rule 52.10 Motion for Temporary Relief to Stay November 4, 2024 Jury Trial Pending Review of Petition for Writ of Mandamus and would respectfully show the Court as follows:

# I. INTRODUCTION

Importantly, all parties agree that a stay of the November 4, 2024 trial is appropriate while this Court considers Relators' Petition for Writ of Mandamus. Guaranteed Rate does not oppose the stay itself.[1] Instead, the only dispute stems from an additional condition Guaranteed Rate seeks to impose that would virtually moot the entire purpose of mandamus relief. That is, while the stay is pending, Guaranteed Rate seeks to take the depositions of its trial witnesses, more than one hundred of which have been named by Guaranteed Rate in its trial witness list. Guaranteed Rate's request to take additional depositions has already been expressly denied in the trial courts on two separate occasions as Guaranteed Rate failed to seek any of these depositions during the 18 months of discovery.[2] Moreover, Guaranteed Rate has not explained – either before the trial court or before this Court – how a stay of the November 4, 2024 trial date will cause "substantial prejudice."[3]

---

[1] Although Guaranteed Rate indicated to counsel for Relators that it was opposed to their Emergency Rule 52.10 Motion for Temporary Relief, Guaranteed Rate specifically noted in its response that it "agreed to a stay of the November 4, 20924 trial setting." *See* Guaranteed Rate's Response to Relators' Emergency Rule 52.10 Motion for Temporary Relief…, p. 2, ¶ 3.

[2] *See* Trial Court's July 2, 2024 Order Denying In Part, Granting In Part Plaintiff's [Revised] Amended Motion to Allow Trial Witnesses to Appear Remotely for Trial, attached as Exhibit A.

[3] *See* Guaranteed Rate's Response to Relator's Emergency 52.10 Motion for Temporary Relief, p. 2, ¶ 3.

Guaranteed Rate's request is merely an attempt to get a second attempt at conducting discovery that it failed to conduct during the applicable discovery period and should not prevent this Court from issuing the otherwise agreed upon stay.

## II. ARGUMENT & AUTHORITIES

### a. The parties agree a stay is appropriate.

Relators' requested stay seeks to pause the underlying proceedings while this Court considers the merits of Realtors' mandamus petition. There is no dispute between the parties as to the appropriateness of a stay. Nor is there any disagreement as to the urgent need of an immediate issuance of a stay as trial is set to begin in seven (7) days. Accordingly, Relators respectfully request that this Court issue the requested stay of the underlying proceedings without further delay.

### b. Guaranteed Rate's conditional opposition undermines the purpose of the stay.

As set forth in Relators' mandamus petition, the very purpose of mandamus relief is to "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and spare litigants and the public "the

time and money utterly wasted enduring eventual reversal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 136 (Tex. 2008).

Though Guaranteed Rate does not deny the appropriateness of the stay, it does oppose this Court issuing such a stay before the trial court rules on Relators' pending Emergency Motion to Stay filed in the underlying proceeding and currently set for hearing on October 29, 2024, six (6) days before trial. Guaranteed Rate's desire for a ruling from the trial court, as opposed to this Court, is based on Guaranteed Rate's proposed additional condition to the stay in the trial court. Specifically, Guaranteed Reek seeks to condition the stay of the trial on it being permitted to take the depositions of its more than one hundred trial witnesses (more than 22 months after the close of discovery). This is Guaranteed Rate's **third** attempt to reopen discovery and present its trial witnesses via deposition testimony (the trial courts have denied these requests each time).[4]

Allowing depositions during the stay would effectively defeat this purpose, continuing the litigation process and imposing substantial further costs on both parties. It is the enormous cost and time associated

---

[4] *See* Exhibit A.

with the testimony of these more-than-one-hundred witnesses that "subjects taxpayers, defendants, and the state's courts to meaningless proceedings" that constitute an "irreversible waste of judicial and public resources[.]" *Id.* at 136. It is not merely the examination of these witnesses at trial that subjects the litigants to the undue harm and unnecessary burden; they must also spend significant additional cost and time preparing for the testimony of these witnesses, including preparing all necessary exhibits and demonstratives to be utilized during their respective testimony. If Guaranteed Rate is permitted to nevertheless proceed with deposing these witnesses during the stay, those witnesses and the litigants will be subjected to the very same enormous time and expense of obtaining testimony that would be rendered irrelevant by a favorable ruling on mandamus. Thus, issuing an unconditional stay on all proceedings ensures the status quo will be maintained and prevents the undue harm otherwise faced.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relators pray that this court:

    a. Issue temporary just relief by an order staying the trial court's November 4, 2024 jury trial and further trial court

proceedings pending this Court's action on Relators' Petition for Writ of Mandamus filed October 24, 2024; and

b. Grant Relators such further legal and equitable relief to which they are entitled.

Respectfully submitted,

By: /s/ *Jennifer Taylor*
Jennifer Taylor
State Bar No. 24102559
jtaylor@brstexas.com

BUSH RUDNICKI SHELTON, P.C.
Jennifer Taylor
State Bar No. 24102559
jtaylor@brstexas.com
Edward Gray
State Bar No. 24092443
egray@brstexas.com
2508 Ashley Worth Blvd., Suite 200
Austin, Texas 78738
Telephone: 512-263-8408
Facsimile: 512-263-2562

**ATTORNEYS FOR RELATORS WINTON & ASSOCIATES, INC., FLAIR HOMES, INC. AND EL PASO FIVE STAR HOMES, INC.**

FOX ROTHSCHILD, LLP
K. Patrick Babb
State Bar No. 24077060
pbabb@foxrothschild.com
2501 N. Harwood, Suite 1800
Dallas, Texas 75201

Telephone: 972-991-0889
Facsimile: 972-404-0516

**ATTORNEY FOR RELATOR
NATHAN STRINGFIELD**

## CERTIFICATE OF COMPLIANCE

I also certify that counsel for Relators notified Respondent Judge Melissa A. Baeza of County Court at Law Number 3 of Relators' Reply to Guaranteed Rate's Response Relators' Emergency Rule 52.10 Motion for Temporary Relief to Stay November 4, 2024 Jury Trial Pending Review of Petition for Writ of Mandamus.

Certified to on October 28, 2024.

*/s/ Jennifer Taylor*
Jennifer Taylor

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), and (e), I certify that I e-served this document on all other parties listed below:

Mark N. Osborn
Valerie R. Auger
Kemp Smith, LLP
P.O. Box 2800
El Paso, Texas 79999-2800
mark.osborn@kempsmith.com
valerie.auger@kempsmith.com

**ATTORNEYS FOR REAL PARTY IN INTEREST GUARANTEED RATE, INC.**

The Honorable Melissa A. Baeza
c/o Rebecca Dunlap, Court Coordinator
rdunlap@epcounty.com
County Court at Law No. 3
500 E. San Antonio
Suite 1001, 10th Floor
El Paso, Texas 79901

**RESPONDENT**

*/s/ Jennifer Taylor*          10/28/2024
Jennifer Taylor

# EXHIBIT A

| | | |
|---|---|---|
| GUARANTEED RATE, INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 34TH JUDICIAL DISTRICT |
| WINTON & ASSOCIATES, INC., | § | |
| FLAIR HOMES, INC., EL PASO FIVE | § | |
| STAR HOMES, INC., and NATHAN | § | |
| STRINGFIELD, | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

### ORDER DENYING IN PART, GRANTING IN PART PLAINTIFF'S [REVISED] AMENDED MOTION TO ALLOW TRIAL WITNESSES TO APPEAR REMOTELY FOR TRIAL

On July 1, 2024, came to be considered Plaintiff's [Revised] Amended Motion to Allow Trial Witnesses to Appear Remotely ("Plaintiff's Motion").

The Court, upon reviewing Plaintiff's Motion, Defendants' Joint Response, and the arguments of counsel, finds that the Motion should be **DENIED** in part and **GRANTED** in part.

It is therefore **ORDERED** that, prior to the Pre-Trial Conference, Plaintiff shall identify to the Court and Defendants the specific witnesses domiciled outside of the Court's subpoena range (the "Remote Witnesses") that it wishes to appear remotely at trial by videoconference.

It is further **ORDERED** that the Remote Witnesses identified as required herein may appear at trial by videoconference.

All relief not expressly granted herein is **DENIED**.

Signed on the 2nd day of July, 2024

_____
HON. JUDGE PRESIDING

ORDER DENYING IN PART, GRANTING IN PART PLAINTIFF'S [REVISED] AMENDED
MOTION TO ALLOW TRIAL WITNESSES TO APPEAR REMOTELY FOR TRIAL          Solo Page

EXHIBIT A                                                          PAGE 1

Approved as to form only:


/s/ Mark N. Osborn
Mark N. Osborn,
Counsel for Plaintiff



_____
K. Patrick Babb,
Counsel for Defendant Nathan Stringfield



_____
Edward Gray
Counsel for Defendants
Winton & Associates, Inc.,
Flair Homes, Inc., and
El Paso Five Star Homes, Inc.

**ORDER DENYING IN PART, GRANTING IN PART PLAINTIFF'S [REVISED] AMENDED MOTION TO ALLOW TRIAL WITNESSES TO APPEAR REMOTELY FOR TRIAL**     **Solo Page**

EXHIBIT A     PAGE 2

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terry Johnson on behalf of Jennifer Taylor
Bar No. 24102559
tjohnson@brstexas.com
Envelope ID: 93631868
Filing Code Description: Response
Filing Description: Response
Status as of 10/28/2024 11:15 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Edward Gray | | egray@brstexas.com | 10/28/2024 10:37:01 AM | SENT |
| Jennifer Taylor | | jtaylor@brstexas.com | 10/28/2024 10:37:01 AM | SENT |
| Terry Rudnicki SheltonJohnson | | tjohnson@brstexas.com | 10/28/2024 10:37:01 AM | SENT |